UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. \_\_\_\_

RCBA NUTRACEUTICALS, LLC d/b/a
RONNIE COLEMAN SIGNATURE SERIES,

    Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY,

    Defendant.
_____/

**NOTICE OF REMOVAL**

Defendant Continental Casualty Company ("Continental") hereby removes this action from the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, to this Court. The Court has jurisdiction over this action based on 28 U.S.C. §§ 1332, 1441, and 1446.

1.    On January 24, 2025, Plaintiff RCBA Nutraceuticals, LLC d/b/a Ronnie Coleman Signature Series ("RCBA") filed a complaint against Continental in the Eighteenth Judicial Circuit, in and for Seminole County, Florida, styled *RCBA Nutraceuticals, LLC d/b/a Ronnie Coleman Signature Series v. Continental Casualty Company*, Case No. 2025-CA-000147 (the "Complaint"). On February 4, 2025, Continental was served with a Summons and copy of the Complaint. A copy of the Summons and Complaint are attached as **Exhibit A**.

## I. THE COURT HAS JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP, 28 U.S.C. §§ 1332, 1441(a)

2. Section 1441(a) provides that "except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

3. This Court has original jurisdiction over this civil action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a); *see also* 28 U.S.C. § 1446.

4. Venue in this Court is proper under 28 U.S.C. § 1441(a) and because this action is being removed from the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, the state court in which it was originally filed.

### A. Plaintiff and Defendant Are Completely Diverse

5. A party removing based on diversity jurisdiction must demonstrate that complete diversity exists. 28 U.S.C. § 1332(a); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.").

6. "Section 1332(c) defines a corporation's citizenship for the purposes of determining diversity." *Kong v. Allied Prof'l Ins. Co.*, 750 F.3d 1295, 1299 (11th Circ. 2014). A corporation is deemed a citizen of every state by which it has been

incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c). "The citizenship of an LLC is the citizenship of each member." *Purchasing Power, LLC v. Bluestem Brands, Inc.,* 851 F.3d 1218, 1221 (11th Cir. 2017); *accord Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004) (same).

7. Plaintiff RCBA is a Florida limited liability company whose principal place of business is located in Seminole County, Florida. *See* **Exhibit A,** Complaint, at ¶ 2. RCBA is owned by two individual members, Ronnie Coleman and Brendan Ahern, each of whom owns 50% of RCBA. *See RCBA Nutraceuticals, LLC, d/b/a Ronnie Coleman Signature Series v. Western Packaging Inc., and PolyFirst Packaging, Inc.,* Case No. 2019-CA-000787, September 19, 2024 Trial Transcript, at 1001 (testimony of Ronnie Coleman), attached as **Exhibit B**; *RCBA Nutraceuticals, LLC v. ProAmpac Holdings, Inc.*, Case No. 23-cv-305 (E.D. Wisc.), Complaint at ¶ 2, attached as **Exhibit C**. Ronnie Coleman is a citizen of Texas and Brendan Ahern is a citizen of Florida. *See* **Exhibit C**, *RCBA Nutraceuticals, LLC v. ProAmpac Holdings, Inc.*, Case No. 23-cv-305 (E.D. Wisc.), Complaint at ¶ 2; *see also* **Exhibit B**, *RCBA Nutraceuticals, LLC, d/b/a Ronnie Coleman Signature Series v. Western Packaging Inc., and PolyFirst Packaging, Inc.,* Case No. 2019-CA-000787, September 19, 2024 Trial Transcript at 1005 (testimony of Ronnie Coleman), and *RCBA Nutraceuticals, LLC, d/b/a Ronnie Coleman Signature Series v. Western Packaging Inc., and PolyFirst Packaging, Inc.,* Case No. 2019-CA-000787, September 25, 2024 Trial Transcript at 2412 (testimony of Brendan Ahern).

8. Defendant Continental is an Illinois corporation with its principal place of business located in Chicago, Illinois. Accordingly, Continental is a citizen of the State of Illinois. *See* Composite **Exhibit D.**

9. Because Plaintiff is a citizen of Texas and Florida and Defendant is a citizen of Illinois, there is complete diversity between Plaintiff and Defendant.

### A. The Amount in Controversy Exceeds $75,000

10. A defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds $75,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).

11. "[I]t may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum even when 'the complaint does not claim a specific amount of damages.'" *Roe v. Michelin N. Amer., Inc.*, 613 F.3d 1058, 1060 (11th Ci. 2010) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). "Eleventh Circuit Precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Id.*

12. Here, the Complaint alleges that "a Final Judgment was entered in RCBA's favor awarding RCBA a recovery of $10,464,100 from Western … not including attorney's fees, costs, and prejudgment and post-judgment interest," and attaches a copy of the Final Judgment as Exhibit A. *See* **Exhibit A**, Complaint, ¶ 26. The Complaint further alleges that Defendant Continental breached its duties to its

insured, Western, and that, "[a]s a direct and proximate result of Continental's breaches … Western suffered damages, including the entry of [the] Final Judgment." *Id.* at ¶¶ 32, 33. Finally, the Complaint alleges that RCBA is a "judgment creditor of Western and third-party beneficiary under the Continental Policy providing coverage to Western." *Id.* at ¶ 27. In short, RCBA seeks to recover from Continental the full amount of the $10,464,100 Final Judgment against Western based on Continental's alleged bad faith.

13. Based on the foregoing allegations, it is evident that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## II. PROCEDURAL REQUIREMENTS

14. Removal is timely pursuant to 28 U.S.C. § 1446(b). This Notice of Removal is being filed within 30 days of the service of a summons on Continental on February 4, 2025. *See* **Exhibit A**, Summons.

15. Copies of the state court docket and all process and pleadings served in the state court action are attached hereto as **Exhibit E**.

16. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and will file a copy of this Notice of Removal with the clerk of the state court.

17. By filing this Notice of Removal, Defendant does not waive or relinquish any available defenses to the Complaint, including but not limited to insufficient service of process.

18. Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant removes this action, pending in the Eighteenth Judicial Circuit in and for Seminole County, Florida, to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

**CLYDE & CO US LLP**
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Tel: (305) 446-2646
Fax: (305) 441-2374

By: */s/ Laura Besvinick*
    **Laura Besvinick**
    Florida Bar No. 391158
    laura.besvinick@clydeco.us
    paul.kalandiak@clydeco.us

*Counsel for Defendant Continental Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties and counsel of record.

*/s/ Laura Besvinick*